IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC | : | |
| | : | |
| vs. | : | Civ. No. 23-4173 |
| | : | |
| JOHN DOE subscriber assigned IP | : | |
| address 71.224.229.189 | : | |

## ORDER

AND NOW, this          day of                              , 202___, upon

consideration of defendant, John Doe subscriber assigned IP address 71.224.229.189,

Motion to Quash Subpoena and any response thereto by plaintiff, Strike 3 Holdings, LLC,

it is hereby ORDERED that defendant's Motion is GRANTED and plaintiff's Subpoena to

Produce Documents and/or Information from defendant's Internet Service Provider is

hereby quashed.

In the alternative a Protective Order is entered that permits John Doe to proceed

with his/her defense while his/her identity remains anonymous from public view. Said

alternative Order is entered by consent of the parties.

AND IT IS SO ORDERED.

_____
Paul S. Diamond, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC | : |
| | : |
| vs. | :  Civ. No. 23-4173 |
| | : |
| JOHN DOE subscriber assigned IP | : |
| address 71.224.229.189 | : |

### JOHN DOE'S MOTION TO QUASH OR, IN THE ALTERNATIVE, MOTION FOR A PROTECTIVE ORDER

John Doe, by and through undersigned counsel, hereby moves this Court for the Entry of an Order Quashing or otherwise vacating plaintiff's subpoena to John Doe's Internet Service Provider, (hereinafter "ISP"), or, in the alternative, a protective Order allowing John Doe to litigate anonymously, and asserts as follows:

1. That a complaint was filed in this matter on October 30, 2023. (ECF No. 1)

2. That on November 1, 2023 plaintiff made a motion for discovery prior to the Rule 26(f) conference. (ECF No. 4)

3. That the motion seeks a subpoena for "the true name and address of the defendant to whom the ISP assigned an Internet Protocol Address, (hereinafter "IP"). (Order, ECF No. 5)

4. That the court on November 8, 2023 issued an amended Order (ECF No. 6) permitting plaintiff to serve the ISP with a Rule 45 Subpoena "to provide plaintiff with the true name and address of the defendant to whom the ISP assigned an IP address as set forth on Exhibit "A" to the complaint", provided that plaintiff attach a court directed notice regarding issuance of a subpoena and that defendant shall have twenty-one (21) days from receipt of the notice to file a Motion to Quash or Vacate the Subpoena.

5. That on or about November 10, 2023 the subscriber, John Doe, received a notice from his/her ISP notifying him/her that the plaintiff had filed a lawsuit, that John Doe was identified via his/her IP, and that pursuant to the Court's Order the ISP would provide the subscriber's name and address to the plaintiff, absent a Protective Motion to Quash or Vacate the Subpoena.

6. John Doe challenges the sufficiency of plaintiff's allegations to establish good cause for the Subpoena.

7. That plaintiff's request falsely equates subscriber and defendant.

8. That plaintiff fails to establish sufficient legal connection or good cause between the alleged infringement and the subscriber whose identity has been subpoenaed, insofar as it fails to connect the alleged infringement to a specific person.

9. That plaintiff in pertinent part has alleged that John Doe subscriber with an assigned IP address has "pirated" adult content films and is distributing same "as an extreme infringer", i.e. "a large-scale unauthorized distributor of plaintiff's content", without compensation to the plaintiff.

10. That plaintiff's request directed to John Doe's ISP is purely speculative as it refers to John Doe as an unauthorized user and/or as an extreme infringer, and is violetive of John Doe's privacy interests as set forth in the Cable Communications Policy Act of 1984. ("CCPA"). 47 U.S.C. §551 et seq.

WHEREFORE, defendant, John Doe, respectfully requests that plaintiff's subpoena to its internet service provider be Quashed, and/or its granting Order vacated.

IN THE ALTERNATIVE, John Doe requests a Protective Order be entered that allows him/her to proceed with his/her defense while his/her identity remains anonymous from public view until such time, if ever, as the court deems it just and proper to reveal it. Plaintiff consents to such a Protective Order in its pleadings. See Plaintiff's Memorandum of Law in Support of its Subpoena Request. (ECF No. 4 @ p. 5, 25.)

John Doe wishes to remain anonymous from the public during litigation.

WHEREFORE, defendant, John Doe, respectfully requests that the Court enter the proposed Protective Order allowing him/her to proceed in the litigation with a public-facing identity of "John Doe".

RESPECTFULLY SUBMITTED,

LAW OFFICES OF MICHAEL A. ETKIN
& ASSOCIATES

BY:      /s/ MICHAEL A. ETKIN
         MICHAEL A. ETKIN, ESQUIRE
         Identification Number: 17898
         Attorney for Defendant, John Doe
         4961 Oxford Avenue
         Philadelphia, PA 19124
         215-535-2009
         metkin@etkinandassoc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STRIKE 3 HOLDINGS, LLC

     vs.

                                  Civ. No. 23-4173

JOHN DOE subscriber assigned IP
address 71.224.229.189

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO QUASH, OR, IN THE ALTERNATIVE, MOTION FOR A PROTECTIVE ORDER

## A. Plaintiff Fails To Connect Subscriber To Infringement.

Plaintiff's complaint (ECF No. 1) and Subpoena Motion (ECF No. 4) falsely equates an ISP subscriber with an infringing defendant in order to convince the Court that good cause exists to subpoena subscriber's identity. As set forth in the complaint the plaintiff fails to identify a connection between the IP address allegedly used to commit copyright infringement and actual knowledge of which person, if any, is the accused infringer.

Throughout its complaint the plaintiff uses the term subscriber, the person whose name is on the internet connection, as the infringer, the person who plaintiff claims infringed on its copyrighted work. At this point in the proceedings the plaintiff is unable to connect that the subscriber and the infringer are one and the same. Plaintiff is only able through its electronic analysis to allege that infringement activities were conducted through the specific IP address. The Cable Communications Policy Act of 1984, (CCCA), 47 U.S.C. §551(c) titled: Disclosure of Personally Identifiable Information, states in sub-section(1): that a cable operator shall not disclose personally identifiable information concerning any subscriber without their prior written or electronic consent; sub-section(2) provides: that such information may be disclosed if the disclosure is made pursuant to a Court Order authorizing such disclosure providing that the subscriber has

the opportunity to prohibit or limit such disclosure. FRCP 45(d)(3) titled: Quashing or Modifying a Subpoena states in pertinent part: that the Court must quash or modify a subpoena under particular circumstances as set forth therein. In the case at the bar of the court the subpoena which seeks disclosure of identifying information of the subscriber is qualified by sub-section(iii) if the subpoena requires disclosure of privileged or other protected matter and by sub-section (iv) if it subjects a person to undue burden. Said sub-sections are permissible reasons for the Court to quash a subpoena. Further, as discussed in FRCP 26, to obtain discovery from a non-party, a party must demonstrate that its need for discovery outweighs the non-party's interest in non-disclosure.

   *Arista Records, LLC v. Doe 3*, 604 F. 3d 110 (2d Cir. 2010) articulated a balancing test to weigh a plaintiff's need for a subpoena against a John Doe defendant's right to be anonymous: "looking to the plaintiff's showing of a prima facie claim of actionable harm; their discovery requests specificity; their alternative means to obtain the subpoenaed information; the need for the subpoenaed information to advance the claim; and the objecting party's privacy expectation. Plaintiff's supporting assertions overlook the distinction between a subscriber and a potential infringer/defendant. While plaintiff alleges it has seen infringement on the IP address of John Doe and hence needs to subpoena the ISP to reveal the identity of said individual and therefore properly serve the defendant with an amended complaint, the plaintiff is not able to identify the subscriber as the alleged infringer. Plaintiff has alleged only conclusions that the suspected infringement was committed by the subscriber and not someone else. John Doe respectfully suggests that an expedited subpoena should require something more, especially when balancing privacy interests.

A Ninth Circuit appellate ruling, *Cobbler Nevada, LLC v. Gonzalez*, 901 F.3d 1142 (9th Cir. 2018) stands for the principle that good cause has not been shown when plaintiff only makes a mere allegation that infringement took place on an internet connection: (John Doe's) status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer. (...) A plaintiff must allege something more to create a reasonable inference that a subscriber is also an infringer. Said court upheld a lower-court ruling dismissing *Cobbler Nevada's* case without prejudice because its independent investigation did not permit identification of "a specific party that is likely to be the infringer".

B. Plaintiff Does Not Overcome Privacy Concerns.

It is acknowledged by the plaintiff that the CCPA recognizes that subscribers have a privacy interest in not having their identities publicly disclosed. While it is clear that the act expressly recognizes the privacy interest of the subscriber, said interest is a qualified interest which courts may in their discretion overrule so that the identifying information may be disclosed. See 47 U.S.C. §551(c). The plaintiff, in its massive filings, is using the Federal Judiciary to discover evidence about a potential, alleged infringer when the infringer's actual identity is unknown.

C. Protective Order.

Plaintiff acknowledges that in some Bit Torrent cases involving adult content, courts have found it appropriate to issue a protective order establishing procedural safeguards such as allowing a defendant to proceed anonymously. See Plaintiff's Memorandum page 25, citing *Malibu Media, LLC v. John Doe 1*, No. 12-2078, 2013 W.L. 30648. (E.D. Pa. Jan. 3, 2013). Plaintiff further states that it "respectfully encourages the court to establish such procedures here, should the court find it appropriate".

In the alternative to John Doe's allegation to quash the subpoena, John Doe requests a Protective Order protecting his/her identity from public disclosure through the initial stages of litigation. Plaintiff is a serial litigator of online file-sharing matters. While a party's name and basic identity are normally disclosed to the public during litigation, F.R.C.P. 10(a), the court may upon a showing of good cause "protect a party of person from annoyance, embarrassment, oppression, or undue burden or expense. F.R.C.P. 26(c)(1).

Based on the nature of the complaint and defendant's allegation that the subscriber is not the alleged infringer, anonymity would not be an inappropriate order from this court.

For the reasons set forth above, John Doe respectfully requests that the Court enter an Order Quashing the Subpoena and/or Vacating the Grant of its Order. In the alternative, John Doe requests a Protective Order allowing it to proceed anonymously (as to the public facing document) through the discovery stage of litigation.

RESPECTFULLY SUBMITTED,

LAW OFFICES OF MICHAEL A. ETKIN
& ASSOCIATES

BY:   /s/ MICHAEL A. ETKIN
MICHAEL A. ETKIN, ESQUIRE
Identification Number: 17898
Attorney for Defendant, John Doe
4961 Oxford Avenue
Philadelphia, PA 19124
215-535-2009
metkin@etkinandassoc.com

## VERIFICATION

I, Michael A. Etkin, Esquire, verify that I am the attorney for defendant, John Doe, in the within matter and that the statements made in this Defendant, John Doe's Motion to Quash or, in the alternative, Motion for a Protective Order are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. sec. 4904 relating to unsworn falsification to authorities.

DATE: 12/4/23                     /s/ MICHAEL A. ETKIN
                                  MICHAEL A. ETKIN, ESQUIRE
                                  Attorney for Defendant,
                                  John Doe

CERTIFICATE OF SERVICE

I, MICHAEL A. ETKIN, ESQUIRE, hereby certify that a copy of the Defendant, John

Doe's Motion to Quash or, in the alternative, Motion for a Protective Order, was filed

electronically with the Court and served electronically on this 4th day of December, 2023,

to the individual named below:

John C. Atkin, Esquire
55 Madison Avenue
Suite 400
Morristown, NJ 07960
Via Email: matkin@atkinfirm.com

LAW OFFICES OF MICHAEL A. ETKIN
& ASSOCIATES

BY:    /s/ MICHAEL A. ETKIN
MICHAEL A. ETKIN, ESQUIRE
Identification Number: 17898
Attorney for Defendant, John Doe
4961 Oxford Avenue
Philadelphia, PA 19124
215-535-2009
metkin@etkinandassoc.com