IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STRIKE 3 HOLDINGS, LLC,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civ. No. 23-4173 |
| | : | |
| **JOHN DOE subscriber assigned IP** | : | |
| **address 71.224.229.189,** | : | |
| **Defendant.** | : | |

### O R D E R

Defendant John Doe moves to quash Plaintiff's subpoena, or in the alternative, asks for a protective order allowing him or her to litigate anonymously. (Doc. No. 8.) Plaintiff Strike 3 Holdings, LLC opposes. (Doc. No. 9.) I will deny the Motion.

I.   **Background**

On October 30, 2023, Strike 3 initiated this copyright infringement action against Doe, who is known only by IP address 71.224.229.189. (Doc. No. 1.) Strike 3 alleges that Doe illegally downloaded and distributed adult content from its subscription-based websites. (Id.)

On November 1, 2023, Strike 3 filed an *Ex Parte* Motion to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference on Comcast, Defendant's ISP provider, which I granted. (Doc. Nos. 4, 6.) On December 4, 2023, Doe moved to quash the Comcast subpoena, or in the alternative, allow him or her to litigate the matter anonymously. (Doc. No. 8.)

II.   **Legal Standards**

I must quash or modify a subpoena when it "requires disclosure of privileged or other protected matter, if no exception or waiver applies;" or "subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii-iv). "The burden of the party opposing the subpoena is particularly

1

heavy to support a motion to quash as contrasted to some more limited protection such as a protective order." Green v. Cosby, 314 F.R.D. 164, 170 (E.D. Pa. Mar. 21, 2016).

I may issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Doe must show good cause – "that disclosure will cause a clearly defined and serious injury." Glenmede Tr. Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995).

### III. Discussion

#### a. Motion to Quash

Doe first alleges an undue burden under Rule 45(d)(3)(A)(iv). (Doc. No. 8.) "[F]atal to this claim, [Doe] is not faced with an undue burden because the subpoena is directed at the internet service provider and not [Doe]." Malibu Media, LLC v. John Does 1-15, No. 12-2077, 2012 WL 3089383, at *8 (E.D. Pa. Jul. 30, 2012); see also Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 100.14.168.132, No. 18-1762, Doc. No. 12, at *1 (E.D. Pa. Oct. 2, 2018).

Doe next apparently urges under Rule 45(d)(3)(A)(iii), that Comcast's compliance with the subpoena would impugn his privacy interest under the Cable Communications Policy Act of 1984. (Doc. No. 8.) The Act provides that "a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber." 47 U.S.C. § 551(c)(1). Such a disclosure is permissible, however, if it is "made pursuant to a court order authorizing such disclosure [and] the subscriber is notified of such order by the person to whom the order is directed." §551(c)(2)(B). Because my November 8, 2023, Order authorized disclosure pursuant to § 551(c)(2)(B), disclosure and notice have been provided. (Doc. No. 6.)

Even if the Act afforded Doe a qualified privacy interest, I would then balance Strike 3's need for a subpoena against Doe's "right" to be anonymous.  See John Doe Subscriber Assigned IP Address 100.14.168.132, No. 18-1762, Doc. No. 12, at *2 (citing Malibu Media, LLC v. John Does 1-16, 902 F. Supp. 2d 690, 698 (E.D. Pa. 2012)).  This test would require me to balance:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

Id. (alterations in the original).

Doe urges that Strike 3's allegations are not concrete because although Strike 3 knows Defendant's IP address, it cannot show he or she is the infringer.  (Doc. No. 8.)  Strike 3 responds:

> [t]he pleading standard that Defendant urges [me] to impose is practically unworkable because [u]nless [Plaintiff] is permitted, at least in the initial stages of litigation, to proceed against a subscriber, it will be caught in a Catch-22 in which it cannot commence an action without engaging in discovery to determine the actual infringer but cannot engage in discovery without first filing a complaint.

(Doc. No. 9 (citing Malibu Media, LLC v. Doe, No. 13-365, 2014 WL 7188822 at *6 (D. Md. Dec. 16, 2014)) (internal quotation marks omitted).)  Moreover, Strike 3's request is specific and minimal—name and address only.  It avers that it cannot obtain the information sought other than through the ISP.  (Doc. No. 4-3 at ¶ 28 ("Defendant's ISP Comcast Cable is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address 71.224.229.189 during the time of the alleged infringement.").)

Accordingly, I will deny Doe's Motion because I find that his alleged privacy interest does not outweigh Strike 3's need for the information sought.

### b. Motion for Protective Order

In the alternative, Doe asks me to issue an order "protecting his/her identity from public disclosure through the initial stages of litigation." (Doc. No. 8.) Strike 3 does not oppose, but notes that Doe has not met his burden. (Doc. No. 9.) I agree.

Doe argues only that: (1) "Plaintiff consents to the order;" (2) he "wishes to remain anonymous;" (3) "Plaintiff is a serial litigator of online file-sharing matters;" and (4) based on his "allegation that the [IP] subscriber is not the alleged infringer, anonymity would not be an inappropriate order from this court." (Doc. No. 8.)

In these circumstances, Doe has not shown good cause. See Glenmede Trust Co., 56 F.3d at 483 ("Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice."). Accordingly, I will deny Defendant's Motion for a Protective Order.

\*       \*       \*

**AND NOW**, this 7th day of December, 2023, upon consideration of Defendant's Motion to Quash the Subpoena, or in the Alternative, Motion for a Protective Order (Doc. No. 8), and Strike 3's Response in Opposition (Doc. No. 9), it is hereby **ORDERED** that:

1. Defendant's Motion to Quash (Doc. No. 8) is **DENIED**.
2. Defendant's Motion for a Protective Order Permitting Defendant to Appear Under a Pseudonym on the Public Docket (Doc. No. 8) is **DENIED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.